FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ MAR 01 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MOHAMMED SAHARAN BEY,

                Plaintiff,

    – against –

PATROLMAN "RICHARD" ROSE, et al.,

                Defendants.
---------------------------------------------------------------- x

**MEMORANDUM and ORDER**

94-CV-2489 (SLT)

**TOWNES, United States District Judge**

    In July 1996, Judge Charles P. Sifton adopted Magistrate Judge Steven M. Gold's recommendation that this civil rights action be dismissed as a sanction for plaintiff's failure to comply with discovery orders and to appear at a status conference. In December 2009 – over 13 years after this action was dismissed but less than two months after Judge Sifton passed away – plaintiff Mohammed Saharan Bey, proceeding *pro se*, filed an ambiguous and internally inconsistent motion. In an order dated January 14, 2010, this Court construed that motion as seeking relief from the final judgment in this case, explained what plaintiff needed to show in order to obtain that relief, and granted plaintiff leave to amend his motion. Familiarity with this prior order is assumed.

    In response to this Court's January 14, 2010, order, plaintiff has filed a two-page document which purports to be an amended motion.[1] The first page is styled an "Amended Notice of Motion," and is substantially identical to plaintiff's original notice of motion in that it requests "an order pursuant to Rule 440 CRA of the Federal Rules of Civil Procedure granting

---

[1] Plaintiff has also filed an affirmation of service, which characterizes the document served on Corporation Counsel as a "motion."



compensation for the violation of [his] civil rights, abridging [his] rights, pain and suffering and loss of wages ...." Like the original notice of motion, the amended notice of motion makes no mention of Judge Sifton's June 1996 order or Magistrate Judge Gold's Report and Recommendation.

The second page of plaintiff's amended motion consists of three single-sentence paragraphs. In the first paragraph, plaintiff states that he "did not understand [some unspecified] motion or order," and that, "if [he] made [a] mistake," it will never happen again. The second sentence appears to be incomplete, stating only, "The said order or discovery order of motion." The third sentence states, "I think by being Moorish American with constitution [*sic*] immunity gives me lawful reason for reconsideration."

Even assuming that plaintiff enjoys some sort of immunity by virtue of "being Moorish American" – which he does not, *see Bey v. Rose*, CV-94-2489 (CPS), slip op. at 1 (E.D.N.Y. Nov. 22, 1994) – that immunity would not serve as a basis for reconsideration. Moreover, even assuming that plaintiff did not understand the magistrate judge's orders, plaintiff offers no explanation for why it took 13 years for him to realize his mistake. Plaintiff's submission neither suggests any reason why it would be in the interests of justice for this Court to excuse plaintiff's failure to timely object to Magistrate Judge Gold's Report and Recommendation, *see United States v. Male Juvenile*, 121 F.3d 34, 39 (2d Cir.1997), nor suggests that there exists "exceptional circumstances" to justify relief from judgment in this case. *See United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

## CONCLUSION

For these reasons, plaintiff's motion seeking relief from the final judgment in this case, as amended by plaintiff's submission dated February 9, 2010, is denied.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 25, 2010
Brooklyn, New York